```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,       :

        Plaintiff,               :

v.                               :      Crim. No. 3:92-cr-32 (AHN)
                                        Civ. No. 3:08-cv-226 (AHN)

AARON NORTHROP,                  :

        Defendant.               :
```

## RULING ON PENDING MOTIONS

The defendant Aaron Northrop ("Northrop")[1] has filed a motion for reconsideration [doc. # 27] of the court's ruling on his motion for satisfaction of judgment, and a fourth motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [doc. # 1; (08-cv-226)]. For the reasons that follow, the defendant's motions are transferred to the Unites States Court of Appeals, Second Circuit.

## BACKGROUND

On March 11, 1993, three days into his trial, Northrop pleaded guilty to (1) conspiring to distribute marijuana and cocaine in violation of 21 U.S.C. § 846; (2) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848;

---

[1] Throughout his motion to reconsider, Northrop refers to himself as "defendant's agent," and "Aaron Northrop" as a corporation. The court can only surmise that these mistaken and unsubstantiated statements are related to Northrop's plea of guilty to engaging in a continuing criminal enterprise pursuant to 21 U.S.C. § 848. Northrop was sentenced as an individual. There is no corporation known as "Aaron Northrop" that is a party in this case.

(3) making and possessing a bomb in violation of 26 U.S.C. §§ 5861(c),(f); and (4) using interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958.  The court sentenced Northrop to 600 months' incarceration on the continuing criminal enterprise count; 120 months' incarceration on each of the other counts, to run concurrently with the 600-month sentence; three years of supervised release; and a special assessment of $250.  The court also ruled that Northrop would be denied future federal benefits.  On direct appeal, the Second Circuit affirmed the judgment of conviction and the sentence.  See United States v. Northrop, 40 F.3d 1238 (2d Cir. 1994).

Northrop has filed a total of three prior § 2255 petitions. The court denied his first petition due to procedural defects. See United States v. Northrop, No. 3:96cv836 (AHN) (D. Conn. Nov. 14, 1996).  In April 1997, Northrop filed a second § 2255 petition in which he argued: (1) the court lacked jurisdiction over him; (2) his guilty plea was coerced; (3) his conviction violated the double jeopardy clause of the constitution; (4) the grand jury that indicted him was unconstitutionally impaneled; (5) the federal sentencing guidelines are unconstitutional; and (6) he received ineffective assistance of counsel.  The court considered Northrop's second petition on the merits and denied his request for relief.  See Northrop v. United States, No.

3:97cv712(AHN), 1998 WL 27120 (D. Conn. Jan. 14, 1998). On August 10, 1999, Northrop filed his third § 2255 motion, arguing that he was not convicted by a jury as required by Article III of the United States Constitution. The court determined that, because it already had considered Northrop's 1997 petition on the merits, it lacked jurisdiction to rule on a successive 2255 petition and transferred the case to the Second Circuit Court of Appeals. See Northrop v. United States, No. 3:99cv1571(AHN), 2000 WL 631396, *2 (D. Conn. Mar. 10, 2000) (holding that the gatekeeping provision of the AEDPA applied to Northrop's case because the AEDPA was signed into law before Northrop filed his first 2255 petition). The Second Circuit denied Northrop permission to file a successive petition in this court. See Northrop v. United States (2d Cir. mandate issued June 1, 2001).

## STANDARD

The Second Circuit has held that the standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). In fact, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. (citations omitted). However, a motion for reconsideration "should not be granted where the moving party seeks solely to

3

relitigate an issue already decided." Shrader, 70 F.3d at 257. When a motion for reconsideration raises issues that should be the subject of a § 2255 petition, the court can construe it as such. See U.S. v. Rivera, No. 3:01cv76 (PCD), 2007 WL 2471742 (D. Conn. Aug. 30, 2007).

With respect to the defendant's § 2255 petition, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner must apply to the appropriate court of appeals for permission to file a second or successive § 2255 petition. See 28 U.S.C. § 2244(b)(3)(A). A court will consider a § 2255 petition to be successive only if it previously reviewed a § 2255 petition on its merits. See Vasquez v. Parrott, 318 F.3d 387, 390 (2d Cir. 2003) ("[T]o be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction."). Without an order from the Second Circuit authorizing the district court to consider the second or successive petition, a district court does not have jurisdiction to entertain it. See 28 U.S.C. § 2244(b)(3)(A); Liriano v. United States, 95 F.3d 119, 120-23 (2d Cir. 1996).

## DISCUSSION

In Northrop's motion for satisfaction of judgment, he argued that he could "settle" the remainder of his sentence with a promissory note that he sent to the government on January 28,

4

2007. He argued that the government's failure to respond to his offer meant that judgment should enter against the government based on his promissory note and "statement of account." The court denied his motion.[2]

Now, in his motion to reconsider that denial, Northrop states that he "obtained [his] judgment pursuant to a settlement agreement (a contract) entered into between the parties in 1993." Because the only agreement entered into between the government and Northrop in 1993 is his plea agreement, the court assumes that Northrop now bases his request for relief on the plea agreement he entered into with the government. This assumption is supported by Northrop's pending fourth § 2255 motion, which states that "the government breached the plea agreement by interfering with the defendant's right to pay the balance due on the account in money rather than services."[3] Thus, it seems that both of Northrop's pending motions attack the terms of the plea

---

[2] To the extent that Northrop is now raising the issue of the execution rather than the imposition of his sentence, i.e., one that would be cognizable under 28 U.S.C. § 2241, the court also addressed those arguments on the merits in its ruling on Northrop's motion for satisfaction of judgment. See Chambers v. United States, 106 F.3d 472, 473-74 (2d Cir. 1997). Insofar as Northrop's motion can be construed as seeking reconsideration of the court's ruling on his § 2241 claim, Northrop's motion is denied.

[3] Northrop also states that "the events complained of in the motion did not occur until September 25, 2007 - the date the government breached the settlement agreement." Northrop has not provided the court with any information or documents that relate to this date.

5

agreement and the sentence that the court imposed. See 28 U.S.C. § 2255; Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997).

As noted above, the court has considered one of Northrop's previous 2255 petitions on the merits. Both of Northrop's pending motions attack the validity of his plea agreement and the sentence the court imposed. Accordingly, the court must construe both motions as successive § 2255 petitions. See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005). Because Northrop failed to obtain an order from the Second Circuit allowing him to file a successive petition, this court lacks jurisdiction. See Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997). In the interest of justice and for consistency for the procedures in this circuit, the court must transfer the pending motions. See Liriano, 95 F.3d at 120-23; 28 U.S.C. § 1631.[4]

## CONCLUSION

For the foregoing reasons, this court lacks jurisdiction over Northrop's fourth motion to vacate, set aside, or correct sentence [doc. # 1; (08-cv-226)] and his motion for reconsideration [doc. # 27], insofar as it raises issues related

---

[4] "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

6

to the imposition of his sentence pursuant to 28 U.S.C. § 2255.
Accordingly, Northrop's motions are TRANSFERRED to the United
States Court of Appeals for the Second Circuit.

SO ORDERED this 11th day of March, 2008 at Bridgeport,
Connecticut.

```
            _____/s/_____
            Alan H. Nevas
            United States District Judge
```